Max Moskowitz (MM 5866)
Douglas Q. Hahn (DQH 3032)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
FRED BASSALI,                                                     :
                                                                  : Civil Action No.
                      Plaintiff,                                  :
                                                                  :
          v.                                                      :
                                                                  :
JOHNSON CONTROLS, INC.,                                           :
                                                                  :
                      Defendants.                                 :
                                                                  :
------------------------------------------------------------------X

## COMPLAINT FOR A CORRECTION OF INVENTORSHIP
## IN UNITED STATES PATENTS

Plaintiff, Fred Bassali, complaining of the Defendant's activities as set forth herein alleges as follows:

### JURISDICTION

1. This is an action to correct inventorship of several United States Patents under the Patent Laws of the United States, Title 35, United States Code § 256. This Court has

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and § 1400(b).

## THE PARTIES

2. Plaintiff Fred Bassali ("Bassali") is an individual having a place of business at 124-06 Metropolitan Avenue, Kew Gardens, New York 11415.

3. Upon information and belief, Defendant Johnson Controls, Inc. ("JCI") is a Wisconsin corporation with is headquarters at 5757 North Green Bay Avenue, Milwaukee, Wisconsin 53201.

4. JCI has transacted business in this Judicial District by selling, offering to sell, making, using, and/or importing various automotive products into this Judicial District that are relevant to the instant litigation.

5. Upon information and belief, JCI is a successor to and stands in the shoes of The Prince Corporation ("Prince"), whose activities and conduct with respect to the instant Plaintiff give rise to the instant litigation.

## FACTS UNDERLYING THE CLAIMS FOR RELIEF

6. In the late 1980s, employees of Prince conceived the broad idea that it would be useful to be able to provide a trainable electrical garage door opener, which could be trained to learn the garage door opening codes of individual car owners. The name proposed for the planned device was UGDO, an acronym for Universal Garage Door Opener.

7. Prince possessed neither the background nor the in-house engineering talent for the most difficult-to-build aspect of such a device, namely the RF (radio frequency) circuitry needed to implement, if at all possible, such a device.

8. Although Prince was (is) located in Michigan, it noticed an advertisement for "THE CONSULTING GROUP" which advertised expertise in "RF, microwave and fiber optic communications network design" listing its address at 117-01 A 84th Avenue, Richmond Hill, New York, and providing a telephone number. The Consulting Group was none other than the instant Plaintiff.

9. Thereafter, Prince contracted with Plaintiff Bassali (proprietor of The Consulting Group) and from 1989 through 1996 Mr. Bassali worked as a consultant to Prince.

10. Mr. Bassali worked with Mark L. Zeinstra and Kurt A. Dykema of Prince on the design of certain transmitter and receiver circuits for use in a universal garage door opener (UGDO) device, which in time has become very successful and is now known as the "Home Link" device.

11. As part of his services, Mr. Bassali provided Messrs. Zeinstra and Dykema with the original system concept and circuit designs for this device. These contributions by Mr. Bassali have been acknowledged by Messrs. Dykema and Zeinstra. Prince employees, Messrs. Van Lente and Duckworth, were present at an early presentation by Mr. Bassali of these concepts and circuit designs.

12. In 1999 and thereafter, Mr. Bassali's attention was drawn to U.S. Patent Nos. 5,442,340; 5,479,155; 5,583,485; 5,614,885; 5,614,891; 5,646,701; and 5,686,903 which have been assigned to Prince. These patents identified inventors including Mark L. Zeinstra and Kurt A. Dykema.

13. After reviewing these patents (the "patents-in-suit"), Mr. Bassali recognized that the basic RF (radio frequency) concept and some of the circuitry and methods that were

described and claimed include the designs and information that he provided to Messrs. Zeinstra and Dykema. Thus, Mr. Bassali considers himself to be the inventor (or at least a co-inventor) of one or more claims in each of the patents-in-suit. There may be additional such Prince or JCI patents.

14. For reasons unknown to Mr. Bassali, he was not identified as an inventor or co-inventor on the Patents in Suit. Mr. Bassali does not know whether he was not named as an inventor or co-inventor on the Patents in Suit deliberately, in knowing contravention of the duty of candor owed to the Patent Office, or whether this occurred through error, without deceptive intent, *i.e.*, inadvertently due to failure of Prince's patent counsel to appreciate certain facts or through a lack of knowledge of certain legal principles.

15. Mr. Bassali acknowledges that JCI /Prince has at least a so-called "shop right" to utilize the technology covered by the Patents in Suit.

## COUNT I
(Claim Under 35 U.S.C. § 256)

16. Plaintiff realleges and incorporates by references paragraphs 1 through 14 as if set forth herein.

17. The foregoing facts establish that Bassali should be determined and added as either the sole inventor or as a co-inventor on the Patents in Suit, as is applicable to each of the individual patents.

18. The inventorship of the Patents in Suit should be corrected and Plaintiff added as a sole inventor or joint inventor under 35 U.S.C. § 256.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A. That Plaintiff Fred Bassali be named as either the sole or joint inventor of each of U.S. Patent Nos. 5,442,340; 5,479,155; 5,583,485; 5,614,885; 5,614,891; 5,646,701; and 5,686,903;

B. That the Court issue judgment directing the Commissioner of Patents and Trademarks to issue a certificate correcting the inventorship of the Patents in Suit by adding Mr. Fred Bassali as the sole inventor or as a joint inventor of said patents;

C. Such other and further relief as may be deemed just and proper.

Dated: May 30, 2006

Respectfully submitted,

By: _____
Max Moskowitz (MM 5866)
Douglas Q. Hahn (DQH 3032)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888