USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
FRED BASSALI,                           |
                                        |
                 Plaintiff,             |
                                        |     06 cv 4149 (KMW)
        -against-                       |     OPINION AND ORDER
                                        |
JOHNSON CONTROLS, INC.,                 |
                                        |
                 Defendant.             |
----------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Johnson Controls, Inc. ("Defendant") moves, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the Western District of Michigan. Fred Bassali ("Plaintiff") opposes this motion. For the reasons stated below, the motion to transfer venue is GRANTED.

## I. Legal Standard for Motion to Transfer Venue

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a)(2007). The moving party has "the burden of making out a strong case for a transfer." Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950).

To meet this burden, the moving party must establish (1) that the action could "have been brought in the proposed transferee forum" and (2) "the transfer promotes convenience and justice." Hershman v. Unumprovident Corp., 2007 U.S. Dist. LEXIS 30402, *3-4 (S.D.N.Y. Apr. 25, 2007)(internal quotation marks and

1

citations omitted). It is not disputed that this action could have been brought in the Western District of Michigan. Pl.'s Mem. 5. Therefore, this determination depends on whether the transfer would promote convenience and justice.

To make such a determination, courts consider a number of factors:

> (1) the convenience of witnesses; (2) the convenience of parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice.

Herbert Ltd. P'ship v. Elec. Arts, Inc., 325 F. Supp. 2d 282, 285-86 (S.D.N.Y. 2004)(citations omitted). "There is no rigid formula for balancing these factors and no single one of them is determinative." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000)(citation omitted). Here, Defendant has established that these criteria weigh heavily enough in its favor to warrant a transfer.

## II. Application of the Factors

### 1. The Convenience of Witnesses

Courts generally consider the convenience of witnesses as "the most important factor in considering a § 1404(a) motion to transfer." Herbert Ltd. P'ship, 325 F. Supp. 2d at 286 (citations omitted); see also Schnabel v. Ramsey Quantitative Sys., Inc., 322 F. Supp. 2d 505, 516 (S.D.N.Y. 2004)(citations

2

omitted). "The convenience of non-party witnesses generally carries more weight than the convenience of party witnesses." Herbert Ltd. P'ship, 325 F. Supp. 2d at 286 (citations omitted). However, the convenience of expert witnesses is of limited significance. Virgin Enters. v. American Longevity, 2001 U.S. Dist. LEXIS 2046, *30 (S.D.N.Y. Mar. 1, 2001).

This is an action to correct inventorship of sixteen United States patents. Plaintiff alleges that he is "the inventor (or at least a co-inventor) of one or more claims in each of the [sixteen] patents-in-suit." Second Amended Compl. ¶ 13. Specifically, Plaintiff contends that he provided "designs and information" regarding the "basic RF (radio frequency) concept and some of the circuitry and methods" claimed in each of the patents-in-suit. Id. A co-inventor "must generally contribute to the conception of the invention," but need not "make the same type or amount of contribution to the invention" as other co-inventors. Ethicon, Inc. v. United States Surgical Corp., 135 F.3d 1456, 1460 (Fed. Cir. 1998)(internal quotation marks and citations omitted). A co-inventor is not required to contribute to every claim of a patent. Id.

To prove his case, Plaintiff will have to present evidence of his contribution to the conception and reduction to practice of specific claims within the sixteen patents-in-suit. In addition to himself, Plaintiff intends to call six witnesses at trial. Pl.'s Mem. 13; Bassali Decl. ¶ 8(a)-(f). All of these witnesses reside in New York, three in the Southern District of

3

New York and three in the Eastern District of New York. Bassali Decl. ¶ 8(a)-(f). Three of these six witnesses are described as "expert[s]." Id. ¶ 8(d)-(f). Of the three expert witnesses, two reside in the Southern District of New York and one resides in the Eastern District of New York. Of the three fact witnesses, one resides in the Southern District of New York and two reside in the Eastern District of New York. Id. ¶ 8(a)-(c). Two of the fact witnesses are "former worker[s]" and one is "a colleague." Id. ¶ 8(a)-(c). The three fact witnesses are thus not party witnesses or the employees of a party.

Defendant anticipates calling as witnesses at trial the nine named inventors of the patents-in-suit. Def.'s Reply Mem. 3; Zeinstra Decl. ¶ 5. Plaintiff did not specify the claims that he allegedly co-invented in each of the sixteen patents-in-suit. As a result, Defendant argues that it must be able to present the testimony of all nine named inventors in order to compare their contributions to the patents-in-suit to Plaintiff's alleged contributions to the same inventions. Def.'s Reply Mem. 3. Defendant believes that all nine of its witnesses are "located in or around Ottawa County," in the Western District of Michigan. Def.'s Mem. 2. Defendant apparently expects all nine witnesses to testify as fact witnesses. Four of the nine named inventors are no longer employed by Defendant. Zeinstra Decl. ¶¶ 6-8.

An initial comparison of (1) the overall number of witnesses, (2) the specific number of fact witnesses, and (3) the specific number of non-party fact witnesses strongly favors

4

transfer. The Court, however, does not simply tally the number of witnesses located in the current forum and the proposed forum, but "must qualitatively evaluate the materiality of the testimony that the witnesses may provide." Herbert Ltd. P'ship, 325 F. Supp. 2d at 286 (citations omitted). As discovery proceeds, the specific claims that Plaintiff allegedly co-invented will undoubtedly come to light. Furthermore, several of the inventors are named for multiple patents. Zeinstra Decl. ¶ 5. It is therefore possible that Defendant will not need to present the testimony of all nine named inventors at trial. The Court thus finds that this factor slightly favors transfer.

### 2. The Convenience of Parties

The convenience of the parties "is neutral if it merely shifts the burden of inconvenience to the other party." Schnabel, 322 F. Supp. 2d at 516. Despite Defendant's arguments that the Western District of Michigan would be more convenient for both parties, the Court finds that transfer would merely shift the burden of inconvenience to Plaintiff. Therefore, the Court finds that this factor is neutral.

Plaintiff states that he chose to file this lawsuit in the Southern District of New York because it is "the most convenient forum" available to him. Bassali Decl. ¶ 4. Defendant disputes this assertion, but its argument is based entirely on two different factors: (1) the convenience of witnesses and (2) the location of relevant documents and the relative ease of access to sources of proof. Def.'s Mem. 9-10. Furthermore, Defendant

attempts to minimize Plaintiff's inconvenience if transfer were granted, asserting that Plaintiff "would only have to travel to Michigan in the event that this case proceeds to trial as the majority of hearings prior to trial will only require the attendance of his counsel." Id. at 10.  This logic, however, would apply with equal force to Defendant were the case to remain in the Southern District of New York.

### 3. The Location of Relevant Documents and the Relative Ease of Access to Sources of Proof

Defendant asserts that "it cannot be disputed that the burden on Johnson Controls to transport and transmit documents to New York will greatly outweigh Bassali's burden to send his documents to Michigan." Def.'s Mem. 8.  However, Defendant fails to support this assertion.  Defendant simply observes "it is very likely" that the documents located in Michigan "heavily outweigh[] the volume of documents in Mr. Bassali's possession." Id.  Plaintiff asserts that he is "in possession of substantial amounts of documents." Bassali Decl. ¶ 29.  Neither party specifies, or even estimates, the volume of documents that will be involved in this case.  Regardless of these unknown volumes, "modern technologies such as photocopying and faxing permit any documents" to be transported from one location to another with "presumably minimal difficulty." Herbert Ltd. P'ship, 325 F. Supp. 2d at 289.  It is certainly possible that the volume of documents possessed by Defendant in Michigan outweighs the volume of documents possessed by Plaintiff in New York, but Defendant

6

fails to show that "the production of evidence in this forum will be unduly burdensome." Soviet Pan Am Travel Effort v. Travel Comm., Inc., 756 F. Supp. 126, 134 (S.D.N.Y. 1991).

Furthermore, Plaintiff claims to possess "substantial amounts of physical evidence (including circuit boards and prototypes)" in New York. Bassali Decl. ¶ 30. Plaintiff, however, fails to show, or even assert, that the production of such physical evidence in the Western District of Michigan "will be unduly burdensome." Soviet Pan Am Travel Effort, 756 F. Supp. at 134. Therefore, the Court finds that this factor is neutral.

### 4. The Locus of the Operative Facts

Plaintiff claims that he "made most if not all of [his] inventive contributions to the patents-in-suit in [his] workshop in New York, not Michigan." Bassali Decl. ¶ 13 (emphasis in original). The Court notes that Plaintiff's workshop is located in the Eastern District of New York, not the Southern District of New York. Second Amended Compl. ¶ 2. Plaintiff does not assert inventorship of all of the claims in the sixteen patents-in-suit, Bassali Decl. ¶ 12; rather he alleges that he is "the inventor (or at least a co-inventor) of one or more claims in each of the [sixteen] patents-in-suit," Second Amended Compl. ¶ 13. Therefore, some of the claims very likely were conceived of and reduced to practice in the Western District of Michigan. The facts giving rise to this action did not occur in the Southern District of New York, but rather, in the Eastern District of New York and the Western District of Michigan. The Court is aware of

7

the proximity between the Southern District of New York and the Eastern District of New York, but this factor concerns the locus of the operative facts, not the neighbors of that locus. Therefore, the Court finds that this factor clearly favors transfer. See Hershman, 2007 U.S. Dist. LEXIS at *7-8.

### 5. The Availability of Process to Compel the Attendance of Unwilling Witnesses

Of the nine named inventors of the patents-in-suit, Defendant asserts that four of these witnesses are no longer employed by Johnson Controls. Zeinstra Decl. ¶¶ 6-8. Defendant asserts that these four witnesses are beyond this Court's subpoena power pursuant to Fed. R. Civ. P. 45(c)(3)(A)(ii). Def.'s Mem. 7. Defendant argues that the testimony of these four named inventors will be necessary because Plaintiff has not specified the claims to which he asserts inventorship. Def.'s Reply Mem. 3. The Court, however, is not persuaded that all four non-employee inventors will have to testify at trial. As explained above, the specific claims that Plaintiff allegedly invented or co-invented will undoubtedly come to light as discovery proceeds. Furthermore, the overlap of named inventors for the patents-in-suit may reduce the need for certain non-employee witnesses to testify. For example, Mr. Paul van Lente, a current employee of Defendant, is a named inventor for all of the patents for which Messrs. Suman and DeVree, two non-employee witnesses, are named inventors. Zeinstra Decl. ¶¶ 5, 8.

Plaintiff intends to call three non-employee, fact witnesses

who would be beyond the subpoena power of the Western District of Michigan. Bassali Decl. ¶ 8(a)-(c). Plaintiff also anticipates calling three witnesses described as "expert[s]." Id. ¶ 8(d)-(f). Because expert witnesses are generally compensated for their services and travel expenses, these three witnesses are not considered under this factor.

The Court must therefore balance Defendant's four potential witnesses outside of the subpoena power of the Southern District of New York against Plaintiff's three potential witnesses outside of the subpoena power of the Western District of Michigan. The Court notes that neither party has made any representation that any of the relevant non-party fact witnesses would be unwilling to testify in a distant forum.[1] The Court further notes that although live testimony is preferable, "the unavailability of process over third-party witnesses does not compel transfer when

---

[1]Plaintiff asserts that "[t]he availability of [his six] witnesses to attend trial would be severely frustrated, if not outright eliminated, if the trial were to be held in [the Western District of Michigan]." Pl.'s Mem. 14. But Plaintiff fails to support this assertion. He averred that "[t]o the best of [his] knowledge (after speaking with the six witnesses [he] currently intends to call) the Western District of Michigan is not a convenient forum for any witness [he] currently intend[s] to call." Bassali Decl. ¶ 9. Inconvenience, however, is not the equivalent of unwillingness. Plaintiff has indicated that one of his expert witnesses, Mr. Arnold Newton, is an octogenarian who "does not travel out of state without necessity due to serious health concerns." Bassali Decl. ¶ 8(e). As an expert witness, however, his testimony could be introduced by deposition. See Bernal v. DuPont de Nemours E.I. & Corp., 1993 U.S. Dist. LEXIS 13308, *8 (S.D.N.Y. Sept. 24, 1993).
Defendant asserts, in reference to Messrs. Dykema and Duckworth, that it "has no reason to believe that these witnesses would cooperate if asked to appear [in the Southern District of New York]." Def.'s Mem. 7. Defendant, however, has set forth no reason to believe that these witnesses would not cooperate if asked to appear.

9

the practical alternative of offering videotaped or deposition testimony of a given witness exists." Citigroup Inc., 97 F. Supp. 2d at 561 (citations omitted). In light of these observations and the approximate balance between Defendant's four potential witnesses and Plaintiff's three potential witnesses, the Court concludes that this factor is neutral.

### 6. The Relative Means of the Parties

In a motion to transfer venue, "[w]here disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered." Beckerman v. Heiman, 2006 U.S. Dist. LEXIS 39685, *23 (quoting Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998)). Plaintiff asserts that Defendant "is a large multinational corporation with a $22 billion market capitalization . . . . Fred Bassali is a small business owner with limited financial means." Pl.'s Mem. 14 (emphasis in original). Defendant does not dispute this characterization of its financial status, but underscores Plaintiff's failure to provide any evidence of his "limited financial means." Def.'s Reply Mem. 7. Indeed Plaintiff sets forth no evidence supporting his statement that the "financial impact" of transfer to the Western District of Michigan would "border on wholesale catastrophe."[2] Pl.'s Mem. 15. Nevertheless, Defendant is a corporation with the means to litigate in a distant forum and has

---

[2]Plaintiff avers only that he is "of severely limited financial means compared to Defendant." Bassali Decl. ¶ 5.

not suggested that traveling to the Southern District of New York would substantially impair its operations. Plaintiff, an independent business owner, is more likely to suffer adverse financial consequences as a result of traveling to litigate this matter in the Western District of Michigan. See Schnabel, 322 F. Supp. 2d at 520. Therefore, the Court finds that this factor weighs slightly against transfer.

### 7. The Comparative Familiarity of Each District with the Governing Law

Plaintiff's Second Amended Complaint asserts two counts: (1) correction of inventorship and (2) unjust enrichment. 4-5. The correction of inventorship count rests on federal patent law. Courts in the Southern District of New York and the Western District of Michigan "are equally capable of adjudicating" federal claims. Beckerman, 2006 U.S. Dist. LEXIS at *25-26 (citing DealTime.com v. McNulty, 123 F. Supp. 2d 750, 757 (S.D.N.Y. 2000)). The unjust enrichment count rests on New York state law. Pl.'s Mem. 17. "A district court is presumably more familiar with the law of the state in which it sits than with that of a foreign jurisdiction." Beckerman, 2006 U.S. Dist. LEXIS at *25 (citing Howard v. Four Seasons Hotels, 1997 U.S. Dist. LEXIS 2598, *9 (S.D.N.Y. 1997)). "However, the fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer, . . . especially in an instance . . . where no complex questions of foreign law are involved." Beckerman, 2006 U.S. Dist. LEXIS at

11

*25 (internal quotation marks and citations omitted). Therefore, the Court concludes that this factor is neutral.

### 8. The Weight Accorded to Plaintiff's Choice of Forum

A plaintiff's choice of forum is ordinarily "entitled to substantial consideration." Warrick v. General Elec. Co., 70 F.3d 736, 741 (2d Cir. 1995)(internal quotation marks and citation omitted). However, a plaintiff's "choice of forum is accorded less weight where the plaintiff['s] chosen forum is neither [his] home nor the place where the operative facts of the action occurred." Dwyer v. General Motors Corp., 853 F. Supp. 690, 694 (S.D.N.Y. 1994)(citation omitted). Plaintiff does not reside in the Southern District of New York, Pl.'s Mem. 8, and the operative facts of this case did not occur in the Southern District of New York. Therefore, Plaintiff's choice of forum will receive less deference.

Plaintiff states that his choice of forum was driven by legitimate reasons, his convenience and the convenience of his anticipated witnesses. Bassali Decl. ¶¶ 4 n.1, 6. See Hershman, 2007 U.S. Dist. LEXIS at *6-7. Plaintiff and two of his three fact witnesses, however, reside in the Eastern District of New York.[3] Therefore, the Court finds that this factor weighs only very slightly against transfer.

---

[3] In the New York City subway system, the most efficient route from a particular area of the Eastern District of New York to the United States Courthouse in the Eastern District of New York requires that a passenger ride through the Southern District of New York. See Bassali Decl. ¶ 4 n.1. However, the inconvenience to the passenger of a slightly longer trip is marginal.

12

### 9. Judicial Economy and the Interests of Justice

Outside of the factors discussed above, judicial economy and the interests of justice is a neutral factor. There is no indication that Plaintiff has engaged in forum-shopping, see Herbert Ltd. P'ship, 325 F.Supp. 2d at 291-92; that a related action exists in the Western District of Michigan, see Williams v. City of New York, 2006 U.S. Dist. LEXIS 6470, *9 (S.D.N.Y. Feb. 21, 2006); or that transfer "might lead to a more expeditious resolution of the dispute," Hershman, 2007 U.S. Dist. LEXIS at *11-12. Therefore, the Court concludes that this factor is neutral.

## III. Conclusion

Five factors are neutral: the convenience of parties, the location of relevant documents and the relative ease of access to sources of proof, the availability of process to compel the attendance of unwilling witnesses, the comparative familiarity of each district with the governing law, and judicial economy and the interests of justice. Two factors weigh slightly against transfer: the relative means of the parties and the weight accorded to Plaintiff's choice of forum. Two factors weigh in favor of transfer: the convenience of witnesses and the locus of the operative facts.

The Court emphasizes that its analysis of this last factor, the locus of the operative facts, revealed that this case has, at best, a tenuous connection to the Southern District of New York. While the Southern District of New York is close to the Eastern

13

District of New York, the Court concludes that such proximity is simply not sufficient to withstand the motion to transfer. The Court therefore grants Defendant's motion to transfer venue. Docket Entry 26. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  New York, New York
        December **20**, 2007

_____
Kimba M. Wood
United States District Judge